Dan SMOOT, Petitioner,

v.

Honorable Noel P. FOX, United States District Judge for the Western District of Michigan, Respondent.

No. 16565.

United States Court of Appeals
Sixth Circuit.

Dec. 13, 1965.

Clyde J. Watts, Oklahoma City, Okl., John C. Cary, Grand Rapids, Mich., on brief, for petitioner.

Harold Sawyer, Grand Rapids, Mich., Lewis A. Engman, Charles E. McCallum, Warner, Norcross & Judd, Grand Rapids, Mich., on brief, for respondent.

Before WEICK, Chief Judge, PHILLIPS, Circuit Judge, and CECIL, Senior Circuit Judge.

WEICK, Chief Judge.

This controversy was first before this Court on the petition of Smoot for a Writ of Mandamus requiring the Honorable Noel P. Fox, Judge of the United States District Court for the Western District of Michigan, to grant petitioner's motion to dismiss with prejudice two actions for damages for libel filed by him against the League of Women Voters of the Grand Traverse Area of Michigan and certain individuals as defendants. The motion to dismiss with prejudice was filed by petitioner's present counsel after the District Judge had entered an order requiring Smoot to post a $15,000 bond as security for costs. The dismissal had been resisted by the defendants in the libel actions on the theory that they were entitled to have a jury impaneled to hear their side of the case, even though plaintiff was willing to have the actions dismissed with prejudice at his costs.

We granted the mandamus petition and ordered the District Judge to dismiss the actions with prejudice on payment of all court costs by Smoot. Smoot v. Fox, 340 F.2d 301 (6th Cir. 1964). Thereafter the District Judge filed an application for rehearing and clarification as to our intent in using the term "court costs", and for a ruling on whether attorney's fees and expenses could be allowed as costs in the libel actions. We denied the rehearing and declined to pass upon that question in the mandamus action.

The defendants then filed a motion in the District Court labeled "Motion For Assessment of Costs" which was for an order requiring plaintiff to pay costs to defendant in the amount of $35,000 for attorney's fees and $1,906.99 for expenses alleged to have been incurred by them during a period of about five months between the dates of the filing of the complaints in the libel actions and plaintiff's motion to dismiss with prejudice. In an affidavit in support of the motion for attorney's fees and expenses as costs, it was stated that defendants would adduce proofs—

"to show that the statements of defendants, which are the basis of these libel actions are true and privileged and that said actions are groundless and were brought and maintained by plaintiff in bad faith vexatiously and for oppressive purposes."

The petitioner filed a motion to dismiss defendants' motion for attorney's fees and expenses on the ground that the allowance of such items as costs was not within the jurisdiction of the District Court after the dismissal with prejudice. The Court assigned both motions for hearing on the same date and requested each party to estimate the time required to present the motions. Defendants in the libel actions estimated it would take ten days' time to present evidence on their motion.

Before the hearing date petitioner filed a petition for a writ of prohibition in this Court to prevent the District Court from holding a hearing on the motion for allowance of attorney's fees and expenses. We denied that petition on the ground that the District Court had jurisdiction to hear and determine both motions. Our denial was based on the assumption that the District Court would not order the allowance of costs which were not authorized by the Federal statutes and rules, and on the further assumption that the Court would allow petitioner adequate time to prepare for the hearing on defendants' motion to assess costs after ruling on petitioner's motion to dismiss.

The District Judge denied petitioner's motion to dismiss defendants' motion to allow attorney's fees as costs and refused to certify the question for an interlocutory appeal to this Court. In denying pe-

832

titioner's motion the District Judge indicated that he had previously decided that attorney's fees could be proper items of costs in certain cases, and that they could possibly be an item of costs in this case. He set a hearing for May 17, 1965 to determine defendants' motion for the allowance of attorney's fees and expenses. The petitioner then filed the present proceeding in prohibition in this Court.

■ We thought our opinion in the mandamus action made it clear that the dismissal with prejudice precluded a trial on the merits of the libel actions. 340 F.2d 301. Yet this is precisely what the defendants are attempting to have in their motion to assess costs, for they propose to prove that the alleged libelous statements set forth in the complaints were true and privileged and that the actions were groundless. Such an evasion of our order cannot be tolerated.

In essence, defendants would convert a proceeding to assess costs into an action for damages for malicious prosecution of a civil action, and have the Court, instead of a jury, award the damages.

■■ Respondent asserts that the allowance of attorney's fees and expenses for preparation for trial as costs, is a matter properly within his discretion as District Judge. In our opinion the allowance of such items is within the discretion of the District Court in equity cases where exceptional circumstances call for their allowance in order to do justice between the parties. Rolax v. Atlantic Coast Line R. Co., 186 F.2d 473 (4th Cir. 1951). Attorney's fees are also allowable where they are specifically authorized by statute or provided for by agreement between the parties. Local Union 984, Internat'l Bro. of Teamsters, etc. v. Humko Co., 287 F.2d 231 (6th Cir. 1961), cert. denied 366 U.S. 962, 81 S.Ct. 1922, 6 L.Ed.2d 1254.

■ However, no authority has been found or cited holding that a District Court has discretion to allow attorney's fees and expenses as part of the costs in an action at law.[1] On the contrary, in Ruck v. Spray Cotton Mills, Inc., 120 F. Supp. 944, 947 (M.D.N.C.1954), the Court stated:

"Costs in action at law in the United States Courts are creatures of the statute. There [is no] Federal Statute permitting District Courts to tax attorney fees as costs in actions at law as distinguished from suits in equity."

And in Kramer v. Jarvis, 86 F.Supp. 743, 744 (D.Neb.1949), the Court stated that "[e]xcept where it is otherwise provided by statute or rule, attorney's fees are not taxable as costs in actions at law pending in federal district courts." To the same effect see United States for Use and Benefit of E. J. Bartells Co. v. Hoffman Const. Co., 163 F.Supp. 296 (E.D.Wash.1958).

To hold otherwise would permit a Federal Court to allow attorney's fees and expenses as costs in a suit for damages for personal injury, assault and battery, or in any other type of action at law which the Court might feel was brought maliciously and without probable cause. This would have the effect of deterring the pursuit of legal remedies in the Federal Courts, which is contrary to the American system of jurisprudence. It would vest unnecessary and unwarranted power in the Court. It would practically dispense with actions in the Federal Courts for damages for malicious prosecution of civil actions.

Respondent contends that Rule 41(a) (2) of the Federal Rules of Civil Procedure permits a District Court to fix attorney's fees as costs. That rule provides that "an action shall not be dismissed at the plaintiff's instance save upon order

---

1. We asked counsel for respondent at the oral argument if he could cite a single case where the Federal Courts had ever made such an allowance, and he was unable to do so. The fact that counsel could not support his contention with pertinent authority is fairly good proof that it lacks merit.

28 U.S.C. § 1920 provides for the type of costs which may be allowed by the court. See also Rule 54 Fed.R.Civ.P.

of the court and upon such terms and conditions as the court deems proper."

■ The cases permit allowance of attorney's fees against the dismissing party where the action is dismissed without prejudice. E. g., Welter v. E. I. DuPont de Nemours & Co., 1 F.R.D. 551 (D.Minn.1941). The reasoning behind the rule where the action is dismissed without prejudice is to compensate the defendant for expenses in preparing for trial in the light of the fact that a new action may be brought in another forum. See 5 Moore's §§ 41.05, 06. A dismissal with prejudice, however, finally terminates the cause and the defendant cannot be made to defend again. The Court in Lawrence v. Fuld, 32 F.R.D. 329 (D. Md.1963) rejected the contention that there is no requirement in the Rule that limits it to dismissals without prejudice, and held that attorney's fees are not proper where the dismissal is with prejudice.

■ Respondent contends that defendant's First Amendment right of free expression will be violated if attorney's fees and expenses are not allowed. Reliance was placed on New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964) in urging that the pendency of a baseless libel action has the effect of silencing criticism for fear of the expenses involved in preparing to prove the truth of the alleged libelous statements. We see no merit in this claim. Defendants have the right of free speech so long as their statements are not libelous. The Constitution does not protect libelous statements. Konigsberg v. State Bar of California, 366 U.S. 36, 81 S.Ct. 997, 6 L.Ed.2d 105 (1961); Times Film Corp. v. City of Chicago, 365 U.S. 43, 81 S.Ct. 391, 5 L.Ed.2d 403 (1961); Beauharnais v. People of State of Illinois, 343 U.S. 250, 72 S.Ct. 725, 96 L.Ed. 919 (1952); Pennekamp v. State of Florida, 328 U.S. 331, 66 S.Ct. 1029, 90 L.Ed. 1295 (1946).

Although the Supreme Court held that these cases did not foreclose its inquiry into the Sullivan case, because they did not sustain the use of libel laws to prohibit expression critical of public officials, the Court did not repudiate the cases or the principle. The First Amendment does not require that a person who is sued for libel be guaranteed the cost of defending himself.

■ On the other hand, the allowance of attorney's fees and expenses here would, in our opinion, violate petitioner's Constitutional right to a jury trial. The District Court would necessarily have to determine whether the alleged libelous statements were true and privileged and that the actions for damages were brought in bad faith, vexatiously and for oppressive purposes. This would be a hearing to determine if Smoot was liable for malicious prosecution of a civil action, and if so, to render a judgment against him for damages under the guise of fixing costs. The Seventh Amendment to the United States Constitution preserves the right to a jury trial in all suits at common law where the value in controversy exceeds twenty dollars. Rule 38 of the Federal Rules of Civil Procedure also preserves this right. An action for malicious prosecution falls well within the recognized forms of action at common law. 5 Moore's Federal Practice 2d Ed. § 38.11 [5], p. 114.

■■ Although no question has been raised over our jurisdiction, we are of the opinion that power was conferred upon us to entertain the proceeding in prohibition by the All Writs Statute, 28 U.S.C. § 1651. 6 Moore's Federal Practice 2d Ed. § 54.10 [2], pp. 65, 66. Whether such power should be exercised rests within the sound discretion of the Court. Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185 (1943); Ex Parte Republic of Peru, 318 U.S. 578, 63 S.Ct. 793, 87 L.Ed. 1014 (1942).

■ We think this is the type of extraordinary case in which an Appellate Court should exercise its discretion in favor of the granting of the writ. By so doing the parties will be saved the cost and expense of an unnecessary trial to determine an issue which does not exist

in this case. It will conserve the time of the Court, which could be devoted better to other meritorious cases requiring judicial attention in the congested Districts of Michigan.

One other matter requires comment and that is the order of the District Court requiring the plaintiff in the libel actions to post bond in the amount of $15,000. The purpose of such a large bond was unquestionably to provide security for the allowance of attorney's fees and expenses.

 In the present case after we had ordered the dismissal with prejudice of the libel actions, the District Court at that late date attempted to require the plaintiff in the libel actions to post the $15,000-bond as a condition precedent to granting him a pretrial conference on the assessment of costs.[2]

Since the District Judge was without right in an action at law to allow attorney's fees and expenses as part of the costs, it follows that he had no authority to require the posting of a bond as security for their payment. McClure v. Borne Chemical Co., 292 F.2d 824, 835 (3rd Cir. 1961).

A writ of prohibition may issue as prayed for in the petition.

2. "The Court: Mr. Watts, do you intend to comply with the Court's order requiring you to post a bond of Fifteen Thousand Dollars?

Mr. Watts: No, Sir, we do not intend to comply with the bond.

The Court: When you comply with that we will move ahead with further proceedings, as far as a pretrial is concerned.

Mr. Watts: Let me understand, until and unless Smoot files a bond,—how could he file a bond in a case that has been dismissed?

The Court: Well, as a matter of curiosity, I think in the experience you have had, Mr. Watts, you can answer that yourself, the question of costs, the bond, the order requiring the posting of the bond hasn't been dismissed and the Circuit Court of Appeals has clearly recognized that the question of costs is still before the District Court and that answers itself.

Mr. Watts: Then, as I understand the Court's ruling, until and unless we post a bond, there will be nothing further in the nature of—

The Court: —of a pretrial or any conference of that kind but that doesn't change the hearing date * * *."