MICHIGAN PUBLIC SERVICE COM-
MISSION, Plaintiff,

The Committee for the Retention of Rail
and Ferry Service et al., and Interstate
Commerce Commission, an agency of
the United States of America, Interven-
ing Plaintiffs,

v.

The MACKINAC TRANSPORTATION
COMPANY, a Michigan corporation,
Penndel Company, a Delaware corpora-
tion, the Pennsylvania Railroad Com-
pany, a Pennsylvania corporation, the
New York Central Railroad Company,
a Delaware corporation, the Michigan
Central Railroad Company, a Michigan
corporation, and Soo Line Railroad Com-
pany, a Minnesota corporation, Defend-
ants.

No. 4746.

United States District Court
W. D. Michigan, S. D.

Dec. 27, 1966.

Frank J. Kelley, Atty. Gen., by Hugh
B. Anderson, Thomas H. Healy and Stan-
ley D. Steinborn, Asst. Attys. Gen., Lans-
ing, for Michigan Public Service Corp.

James R. Taylor, Washington, D. C.,
Harold D. Beaton, Dist. Atty., Grand
Rapids, Michigan, for intervening plain-
tiffs ICC.

John D. Morrison Jackson, for inter-
vening Committee.

R. H. Bierma, Chicago, Ill., for Mac-
kinac Transportation Co.

Edward Gustafson, Chicago, Ill., for
Penndel Co. and Penn. Ry Co.

Allen F. Rowley and Patrick E. Hack-
ett, Detroit, Mich., for New York Central
and Michigan Central.

Harold E. Spencer and Richard M.
Freeman, Chicago, Ill., for Soo Line RR
Co.

FOX, District Judge.

## OPINION

The Committee for the Retention of
Rail and Ferry Service, hereafter refer-

red to as "petitioner", an intervening plaintiff in a prior action in which this court under Sections 1(18) and (20) of Part I of the Interstate Commerce Act (49 U.S.C.A. § 1(18) and (20)), granted an injunction against defendants, The Mackinac Transportation Company, Penndel Company, The Pennsylvania Railroad Company, The New York Central Railroad Company, The Michigan Central Railroad Company, and Soo Line Railroad Company, from abandoning the service of a car ferry, the Chief Wawatam, between St. Ignace and Mackinaw City, Michigan, has now petitioned the court for an award of costs and attorney fees. (For a complete summary of the facts, see previous opinion dated June 12, 1964.) Defendants do not object to bearing the usual taxable costs; they do oppose, however, any award of attorney fees.

Despite the absence of a provision under Section 1(20) of Part I of the Interstate Commerce Act providing for the recovery of attorney fees, the petitioner contends that a federal court, acting in the exercise of its general equity powers, has the power to award attorney fees, regardless of whether the court is enforcing a statutory regulation.[1]

Although the court recognizes that merely because a statute does not provide for an award of attorney fees, a court is not precluded from making such an award, there are numerous reasons why in the instant case the petition should be denied.

■ First, as Judge Duniway stated in Maier Brewing Co. v. Fleischmann Distilling Co., 359 F.2d 156, 158 (C.A. 9

1966), aff'd 386 U.S. 714, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967):

"We start with the long established principle that a successful party cannot, in an ordinary action at law *or in equity*, recover his attorney fees incurred in the action, unless such recovery is provided for by statute or contract. It makes no difference whether such a recovery be denominated costs or damages or something else." (Emphasis supplied.)[2]

■ Second, Sections 8, 15(9) and 16 (2) of Part I of the Interstate Commerce Act (49 U.S.C.A. §§ 8, 15(9) and 16(2)), provide specifically for the recovery of attorney fees. Furthermore, in 1965 Congress amended Section 222(b) of Part II of the Interstate Commerce Act governing motor carriers (49 U.S.C.A. § 322(b) (2)) and Section 417(b) of Part IV of the Interstate Commerce Act governing freight forwarders (49 U.S.C.A. § 1017(b)) to allow for the recovery of attorney fees in equity actions. Consequently, the failure of Congress to include a provision for attorney fees under Section 1(20) can hardly be classified as inadvertent.

■ Third, it is only in exceptional cases and for denominating reasons of justice that attorney fees are allowed. Sprague v. Ticonic National Bank, 307 U. S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1938).

In Smoot v. Fox, 353 F.2d 830, 832 (C. A. 6, 1965), cert. den. 384 U.S. 909, 86 S. Ct. 1342, 16 L.Ed.2d 361 (1966), the Court said:

"In our opinion the allowance of such items [attorney fees] is within the discretion of the District Court in equity cases where exceptional circum-

---

1. 49 U.S.C.A. § 8, a general enforcement provision applicable by its terms to any violation of Part I of the Interstate Commerce Act, is not available to the petitioner in an action under Section 1 (20). Powell v. United States, 300 U.S.

276, 57 S.Ct. 470, 81 L.Ed. 643 (1937); S. H. & W. Lumber Co. v. California & Oregon R. Co., 154 F.Supp. 152 (D.C.Or., 1957).

2. The Ninth Circuit Court of Appeals sat. *en banc* on the Maier case.

stances call for their allowance in order to do justice between the parties. Rolax v. Atlantic Coast Line R. Co., 186 F.2d 473 (4 Cir., 1951)."

In the Rolax case negro firemen brought an action against the railroad and the railroad union to have declared void a contract between the plaintiffs and the railroad which they alleged deprived the firemen of their seniority and employment rights. Reversing and remanding the judgment for the defendant, the Fourth Circuit addressed itself to the issue of attorney fees:

"Ordinarily, of course, attorneys' fees, except as fixed by statute, should not be taxed as a part of the costs recovered by the prevailing party; but in a suit in equity where the taxation of such costs is essential to the doing of justice, they may be allowed in exceptional cases. The justification here is that plaintiffs of small means have been subjected to discrimination and oppressive conduct by a powerful labor organization which was required, as a bargaining agent, to protect their interests." 186 F.2d at 481.

The Rolax case is clearly distinguishable from the case at bar. The petitioner admitted at a hearing on this motion that the defendants did not act fraudulently or in bad faith.[3] Bad faith is an important element in exceptional circumstance cases. Rolax v. Atlantic Coast Line R. Co., supra; Schlein v. Smith, 82 U.S. App.D.C. 42, 160 F.2d 22 (1947).

Finally, petitioner has failed to cite any authority in support of an award of attorney fees in a case such as this. In Smoot v. Fox, supra, the following observation was made with respect to the inability of counsel in that case to cite authority in favor of his position:

"We asked counsel for respondent at the oral argument if he could cite a single case where the Federal Courts had ever made such an allowance, and he was unable to do so. The fact that counsel could not support his contention with pertinent authority is fairly good proof that it lacks merit." 353 F.2d at 832.

Smoot compels the court to deny the petition for attorney fees.

For the reasons heretofore stated, petitioner's motion for attorney fees is hereby denied.

It is so ordered.

---

3. At page 26 of the transcript of the hearing held on the 25th day of August, 1966.