**GLOBEMASTER, INC., et al., Plaintiffs-Appellants,**

v.

**MAGIC AMERICAN CHEMICAL COR-PORATION, Defendant-Appellee.**

**GLOBEMASTER, INC., et al., Plaintiffs-Cross-Appellees,**

v.

**MAGIC AMERICAN CHEMICAL COR-PORATION, Defendant-Cross-Appellant.**

Nos. 17423, 17424.

United States Court of Appeals
Sixth Circuit.

Dec. 6, 1967.

Stanley Efron, Minneapolis, Minn., for Globemaster, Teare, Teare & Sammon, Cleveland, Ohio, Rice & Efron, Minneapolis, Minn., of counsel.

Fred Ornstein, Cleveland, Ohio, for Magic American Chemical, Isler & Ornstein, Cleveland, Ohio, on brief.

Before WEICK, Chief Judge, and EDWARDS and CELEBREZZE, Circuit Judges.

## PER CURIAM.

Plaintiffs' action in the District Court was for infringement of its common law trademark, unfair competition, and injunction. Defendant counterclaimed for breach of a requirements contract and for violation of the Sherman and Clayton Acts.

The District Judge heard the case without a jury and adopted findings of fact and conclusions of law. He ruled in favor of the defendant and assessed damages against plaintiffs in the amount of $7,324.35 for breach of the requirements contract. He dismissed plaintiffs' complaint for trademark infringement and unfair competition, and defendant's counterclaim for anti-trust violations. He granted a motion to allow attorney's fees to defendant as part of the costs on the ground that plaintiffs' action was maliciously brought. Both plaintiffs and defendant have appealed.

The District Judge found as a fact that plaintiffs had agreed to purchase their requirements of adhesives from the defendant company which manufactured and packaged the adhesives, using plaintiffs' common law trademark; that defendant was required to and did maintain an inventory of the packaged adhesives. The contract was not for a definite period of time and after it was in force for almost two years plaintiffs cancelled it, but refused to purchase the inventory on hand at the termination of the contract, except at a fifty per cent discount. After such refusal, defendant sold the inventory at private sales, realizing about seventy-five per cent of the contract price. The Court found that the termination inventory was reasonable under the circumstances.

■ We are of the opinion that there was substantial evidence to support the findings of fact of the District Judge and they are not clearly erroneous.

■■ The plaintiffs had a right to terminate the requirements contract, but were obligated to purchase the termination inventory at contract prices. Their failure to do so required defendant to sell the inventory in order to mitigate damages. Plaintiffs can hardly complain about the prices realized because they were about twenty-five per cent higher than their offer. Furthermore, plaintiffs consented to the use of their trademark by defendant in the manufacture of the adhesives. Defendant did not manufacture any adhesives under the trademark after termination of the agreement. In our opinion defendant had the right to sell the termination inventory after plaintiffs refused to purchase it. Oh.Rev.Code §§ 1315.54, 1315.-61. N.S.W. Co. v. Wholesale Lumber & Millwork Co., 123 F.2d 38 (6th Cir. 1941).

■ We find no error in the dismissal of plaintiffs' complaint and defendant's counterclaims for anti-trust violations, since the claims therein set forth were not supported by substantial evidence.

■■ Attorneys' fees may not be allowed in actions at law. Smoot v. Fox, 353 F.2d 830 (6th Cir. 1965) cert. denied League of Women Voters of Grand Traverse Area of Michigan v. Smoot, 384 U.S. 909, 86 S.Ct. 1342, 16 L.Ed.2d 361, rehearing denied 384 U.S. 958, 86 S.Ct.

1568, 16 L.Ed.2d 553. We are of the opinion that although this case has some equitable features, no allowance should be made here.

The judgment of the District Court is modified as herein set forth and as modified, is affirmed.

