956 F.2d 270
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
TENNESSEE HEALTH CARE ASSOCIATION, Plaintiff-Appellant,
v.
COMMISSIONER, TENNESSEE DEPARTMENT OF HEALTH AND
ENVIRONMENT, Defendant-Appellee.
 Nos. 91-5789, 91-6220.
 United States Court of Appeals, Sixth Circuit.
 Feb. 26, 1992.
 
 Before KENNEDY and NATHANIEL R. JONES, Jr. Circuit Judges; JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiff-appellant Tennessee Health Care Association ("THCA") appeals the order of the District Court that awards attorney's fees to defendant-appellee, Commissioner of the Tennessee Department of Health, as a condition of dismissal of this action. For the reasons to follow, we REVERSE.
 
 I.
 
 2
 THCA is an organization of over 250 health care facilities throughout Tennessee. THCA filed this action under 42 U.S.C. § 1396(a) of the Medicaid Act and 42 U.S.C. § 1983 for declaratory and injunctive relief against defendant. THCA sought to compel defendant to comply with the Medicaid Act by filing changes in the state's Medicaid plan with the Health Care Financing Administration ("HCFA") for HCFA's approval. Failure of state Medicaid participants to have an approved state plan could result in a loss of federal financial participation to THCA's members.
 
 
 3
 The changes in the state's Medicaid plan were prepared in response to the district court's order in Linton v. Commissioner of Health and Environment, No. 3:87-0941 (M.D.Tenn. Apr. 20, 1990). In Linton, the district court found that defendant's Limited Bed Certification policy violated the Medicaid Act and Title VI of the Civil Rights Act of 1964. THCA participated in Linton as amicus curiae. It was THCA's position on October 22, 1990 when it filed this action that the changes in the state Medicaid plan required by Linton (the "Linton plan") were a material change in the state's policy and, as such, federal regulations required formal submission of the Linton plan to HCFA for its review. 42 C.F.R. § 430.12(c).
 
 
 4
 On January 24, 1991, THCA received a letter from George Holland, Regional Administrator of HCFA Region IV. As Regional Administrator, Holland has the authority pursuant to 42 C.F.R. § 430.15 to approve Medicaid state plan amendments. Holland's letter stated that HCFA had reviewed the Linton plan and concluded that no formal state plan amendment was required and that the Linton plan was consistent with federal requirements.
 
 
 5
 Although THCA disagreed with Holland's conclusions, it realized that review by the Regional Administrator was the sole reason that THCA had sought to compel defendant to submit the Linton plan. Because Holland had informally approved the Linton plan, THCA concluded that further proceedings in this action would be unproductive. THCA contacted defendant's counsel and sought a voluntary dismissal of this action without prejudice, which defendant refused. On January 28, 1991, THCA filed in the District Court a motion to dismiss under Fed.R.Civ.P. 41(a)(2) with prejudice which was opposed by defendant. In defendant's response to THCA's motion, defendant sought dismissal with prejudice and an assessment of costs and attorney's fees against THCA.
 
 
 6
 The District Court assigned the pending motions to Magistrate Judge William J. Haynes, Jr. The Magistrate Judge issued a Report and Recommendation on May 2, 1991, which recommended that the District Court grant THCA's motion to dismiss upon the conditions that the action be dismissed with prejudice and that THCA pay defendant's costs and attorney's fees. The District Court adopted the Report and Recommendation on May 24, 1991. THCA timely filed this appeal.
 
 II.
 
 7
 THCA argues that dismissal under Fed.R.Civ.P. 41(a)(2) conditioned upon payment of costs and attorney's fees was improper. We review the District Court's order granting a dismissal under Rule 41(a)(2) for an abuse of discretion. Andes v. Versant Corp., 788 F.2d 1033 (4th Cir.1986); 5 Moore's Federal Practice § 41.05. Rule 41(a)(2) provides in pertinent part:
 
 
 8
 Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.
 
 
 9
 In Smoot v. Fox, 353 F.2d 830 (6th Cir.1965), cert. denied sub nom. League of Women Voters v. Smoot, 384 U.S. 909 (1966), this Court held that an award of attorney's fees is not proper when a dismissal is with prejudice. The Court contrasted a dismissal with prejudice to a dismissal without prejudice, in which attorney's fees are given. The Court reasoned that when the dismissal is without prejudice attorney's fees are awarded to compensate the defendant for his expenses because the action may be brought again. In a dismissal with prejudice the cause of action is terminated and the defendant will not have to defend again, so the Court found no reason to award attorney's fees. Id. at 833. Viewing this precedent in our Circuit, we find that the District Court abused its discretion in conditioning dismissal of this action upon payment of attorney's fees.
 
 III.
 
 10
 We further must determine whether there is statutory authority under the Civil Rights Attorney's Fee Awards Act of 1976, 42 U.S.C. § 1988, for the District Court's order. Section 1988 provides in pertinent part:
 
 
 11
 In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985 and 1986 of this title, title IX of Public Law 92-318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.
 
 
 12
 In Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978), the Supreme Court articulated the criteria that govern the award of attorney's fees to a prevailing defendant in a civil rights action. The Court stated:
 
 
 13
 a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.
 
 
 14
 Id. at 421. In other language the Court stated:
 
 
 15
 a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.
 
 
 16
 Id. at 422. The application of this standard for an award of attorney's fees to defendants pursuant to section 1988 was adopted by this Court in Tarter v. Raybuck, 742 F.2d 977 (6th Cir.1984), cert. denied 470 U.S. 1051 (1985).
 
 
 17
 The Magistrate Judge concluded that THCA's filing of this action was "unreasonable" under the Christiansburg standard because the Magistrate Judge found that THCA's amicus curiae comments in Linton raised the issue of whether defendant must obtain HCFA's approval of the Linton plan. The standard of review applied by this Court to an award of attorney's fees under section 1988 is whether the District Court abused its discretion in making the award. Id. at 986. We find that the District Court has abused its discretion and that defendant is not entitled to an award of attorney's fees.
 
 
 18
 We cannot conclude that THCA's claim was frivolous or without foundation. The Linton plan arguably was a material change in the state's Medicaid policy, which, under federal regulations, would require HCFA's approval. At the time this action was filed, there had been no amendment to the state plan to incorporate the changes made by the Linton plan, and defendant had refused to submit the plan to HCFA. The Magistrate Judge found that in Linton THCA as amicus curiae raised the issue of whether defendant must obtain approval of the Linton plan prior to its implementation. THCA argues in its brief that the District Court never considered or resolved the issue of whether the state plan would require amendment. In Linton, THCA's comments included:
 
 
 19
 HCFA has not participated in the formulation of the proposal. Rather, the parties alone developed the remedy and merely "appraised" HCFA of the plan, leaving substantial gaps for HCFA's consideration at a later date ... immediate implementation would therefore be contrary to the court's order. The court cannot enter a remedial order until HCFA's consultation has been secured as required by the court's order.
 
 
 20
 Defendant has not presented evidence that leads us to conclude that the district court in Linton decided the issue of whether the Linton plan needed HCFA's approval in order to comply with federal regulations. If the district court decided anything along these lines, it may have decided that approval was not required prior to implementation of the Linton plan. Even if the district court had decided in Linton that the Linton plan did not require HCFA's approval, THCA would have to challenge this decision in a collateral proceeding. THCA was not a party in Linton and therefore had no right of appeal.
 
 
 21
 When THCA received Holland's letter, it became clear that proceeding with this action was unproductive because HCFA had found that the state plan would not require amendment. Concern over whether the state plan required amendment was the reason THCA had filed this action to compel defendant to submit the Linton plan for HCFA's approval. THCA attempted to dismiss this action as soon as it became apparent that submission of the Linton plan to HCFA would not achieve what THCA sought. Therefore, we find that THCA's claim was not unreasonable at the time this action was filed, and when this action became unnecessary THCA attempted to end the litigation. We hold that under the standard set forth in Christiansburg, the District Court abused its discretion by awarding attorney's fees to defendant.
 
 IV.
 
 22
 Accordingly, the order of the District Court that orders THCA to pay defendant's attorney's fees is REVERSED.