OTERO–ADORNO, et als., Plaintiffs

v.

**Dr. Fernando FAGUNDO, et als., Defendants.**

**Civil No. 04–1715 (DRD).**

United States District Court, D. Puerto Rico.

March 31, 2008.

Francisco R. Gonzalez–Colon, F.R. Gonzalez Law Office, San Juan, PR, for Plaintiffs.

Anabelle Quinones–Rodriguez, Department of Justice, Jo–Ann Estades–Boyer, Prado, Nunez & Associates, PSC, Rosa Nelly Plaza–Acevedo, Dario Rivera Carrasquillo Law Offices, Raul Castellanos–Malave, E. Umpierre Suarez, CSP, San Juan, PR, Eduardo A. Vera–Ramirez, Eileen Landron–Guardiola, Luis A. Rodriguez–Munoz, Marcia I. Perez–Llavona, Landron & Vera LLP, Guaynabo, PR, for Defendants.

## ORDER

DANIEL R. DOMINGUEZ, District Judge.

Pending before the Court is *Co-defendant Puerto Rico Highway and Transportation Authority Request for Cost and Attorneys Fees* (Docket No. 100), and *Plaintiff's Motion if Opposition to Request for Attorney's Fees* (Docket No. 101).

■ Since in the instant case the Court dismissed the case with prejudice, the Court deems proper to note the following:

Generally, a plaintiff's voluntary dismissal with prejudice does not entitle a defendant to attorney's fees. *Colombrito v. Kelly,* 764 F.2d 122, 133–34 (2nd Cir. 1985); *Cauley v. Wilson,* 754 F.2d 769, 772 (7th Cir.1985); *Smoot v. Fox,* 353 F.2d 830, 833 (6th Cir.1965); *Esquivel v. Arau,* 913 F.Supp. 1382, 1388 (C.D.Cal. 1996). A court may award, attorney's fees, however, in exceptional circumstances. *Smoot,* 353 F.2d at 833; *Murdock v. Prudential Ins. Co. of America,* 154 F.R.D. 271, 273 (M.D.Fla.1994). Additionally, a court may award attorney's fees when a party acts in bad faith, wantonly, vexatiously, or for an oppressive reason. *Schwarz,* 767 F.2d at 132.

■ The fact that the instant case's Complaint was dismissed with prejudice saves Co-defendants from the costs of going to trial or litigating the instant claims for a second time. *See Id.* Consequently, the Court finds that in order for Co-defendant to be entitled to an award of attorney's fees, Co-defendants must show that Court Plaintiffs acted "in bad faith, wantonly, vexatiously, or for an oppressive reason." *See Id.* Nevertheless, the Court finds that although Co-defendants aver that Plaintiffs' were "obstinate, unreasonably adamant and stubbornly litigious",

thereby wasting the Court's time and causing Co-defendant unnecessary expenses and delay, Co-defendants' fail to allege in what way were Plaintiffs "obstinate, unreasonably adamant and stubbornly litigious" and how did they waste the Court's time and cause Co-defendant unnecessary expenses and delay. *See* Docket No. 100, pg. 2.

 Moreover, Co-defendants' motion for attorneys fails to comply with the requirements set forth in *Coutin v. Young & Rubicam Puerto Rico, Inc.,* 124 F.3d 331, 337 at n. 3 (1st Cir.1997).[1] *Coutin* stands for the proposition that attorney fees shall be awarded according to the conventional approach provided by the "lodestar methodology" which attempts to provide a foundation based in the "numbers of hours reasonably expended on the litigation multiplied by a reasonable hourly rate as the starting point in constructing a fee award". *Coutin,* 124 F.3d at 337 (citations omitted). The "lodestar method" is applicable to the calculation of attorney's fees under § 1983 claims, wherein attorney's fees are awarded pursuant to § 1988. See *Gay Officers Action League v. Puerto Rico,* 247 F.3d 288, 295 (1st Cir.2001). The party seeking the attorney's fees should submit evidence supporting the hours worked and the rates claimed. *See Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983)). To calculate the rate to which attorneys are entitled, the Court must take into consideration the prevailing rate in the community considering the experience, qualifications and competence of the attorneys involved. See *Gay Officers Action League,* 247 F.3d at 295; see also *United States v. Metropolitan Dist. Com'n,* 847 F.2d 12, 19 (1st Cir.1988); *Lipsett v. Blanco,* 975 F.2d 934, 937 (1st Cir. 1992). In setting the rates, the Court should turn "a realistic eye on the proffered pricing, endeavoring to fashion rates 'adequate to attract competent counsel but which do not produce windfalls to attorneys.'" See *Metropolitan Dist. Com'n,* 847 F.2d at 19 (1st Cir.1988)(quoting *Hensley,* 461 U.S. at 430 n. 4, 103 S.Ct. 1933.). Orthodox deviations from the lodestar are allowed but only in "highly unusual" situations. See *Metropolitan Dist. Comm'n,* 847 F.2d at 15–16. After initial calculations, the Court may retain jurisdiction to adjust its lodestar but, "it must do so in accordance with accepted principles". See *Hensley,* 461 U.S. at 437, 103 S.Ct. at 1941. However, "where a party's litigation strategy increases the cost of litigation, it is reasonable to award the total number of hours incurred". See *Lipsett,* 975 F.2d at 941. Finally, the award of attorneys fees is reviewable only for errors of law or abuse of discretion. *Lipsett,* 975 F.2d at 937(citing *Furtado v. Bishop,* 635 F.2d 915, 920 (1st Cir.1980)).

Consequently, the Court hereby **DENIES without PREJUDICE** *Co-defendant Puerto Rico Highway and Transportation Authority Request for Cost and Attorneys Fees* (Docket No. 100). Co-defendant, Puerto Rico Highway and Trans-

---

1. The First Circuit has "embraced" the criteria *set forth in Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974), to wit:
 1) the time and labor required; 2)the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly;
 4) the preclusion of other employment by the attorney(s) due to acceptance of the case; 5) the customary fee; 6)the nature of the fee (fixed or contingent); 7) the time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained;
 9) the experience, reputation, and the ability of the attorney(s); 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) the size of awards in similar cases. See *Coutin,* 124 F.3d at 337, FN. 3.

portation Authority, is to re-file its motion on or before, **April 18, 2008,** in strict compliance with the requirements set forth in the instant order, if it wishes the Court to entertain the same.

**IT IS SO ORDERED.**