Howard **LAWRENCE** d/b/a **Uni-Therm Industries**, Plaintiff

v.

Mona W. **FULD** d/b/a **Chloride of Silver Dry Cell Battery Co.**, and Bernard **Kuder**, Defendants.

Civ. No. 11194.

United States District Court
D. Maryland.

March 15, 1963.

Harry Goldman, Jr., Baltimore, Md., Eugene M. Friedman, and Howard M. Lawrence, Dover, N. J., for plaintiff.

George Cochran Doub, and Weinberg & Green, Baltimore, Md., for defendants.

WINTER, District Judge.

Defendants have moved for an order, either under Rule 41(a)(2), F.R.Civ.P., or under the general equity power of the Court, to allow them costs (excluding court costs which have been taxed to plaintiff, but including counsel fees), upon plaintiff's dismissal of the instant proceedings, with prejudice.

The litigation began February 24, 1959, upon the filing of a complaint against defendant Fuld, which contained four counts—the first based upon the federal antitrust laws for triple damages, together with costs, expenses and attorneys' fees, the second and third for unfair competition, and malicious interference with plaintiff's business, respectively, and the fourth for negligence. An amended complaint, filed August 26, 1959, joined defendant Kuder, general manager of defendant Fuld's business, and added four counts as to him (counts five to eight), which were substantially the same as counts one through four, respectively, in which Mona Fuld was the named defendant. A motion to dismiss was granted as to the second, fourth, sixth and eighth counts. Thereafter, both parties resorted to discovery procedures.

The case was set for trial on numerous dates, and either postponed or not reached, until finally, the case was set

for trial on Monday, February 5, 1962. Immediately prior thereto, the plaintiff made certain efforts to persuade the defendants to offer some sum in settlement of the litigation and, upon defendants' refusal, the parties entered into and filed, on February 2, 1962, an "Order of Dismissal," which was a direction to the Clerk, signed by plaintiff's attorneys, to enter the case " * * * dismissed, with prejudice, with costs * * *." Below the signature of counsel for the plaintiff, counsel for the defendants consented to the entry of the order " * * * without prejudice to their [defendants'] right to petition for the allowance of their costs and expenses." The motion presented for decision then followed. At the hearing, the parties requested that the Court rule on the question of whether any costs, including counsel fees, would be allowed, and defer until further proceedings fixing the amount of any allowance.

By affidavit to the plaintiff's answer to the motion, and by testimony presented at the hearing on the motion, plaintiff advanced an explanation for the precipitous dismissal. It was shown that plaintiff was undergoing psychiatric care, and that his physician deemed it not to his "best interests" to have him participate in a protracted and difficult antitrust trial. The explanation is difficult to believe, however, because no attempt was made by his counsel to call this matter to the attention of the Court, or to request a continuance on this ground, or to present plaintiff's testimony by deposition. It is not without significance that a year later plaintiff testified and submitted to cross examination at the hearing on this motion.

The defendants offered testimony to show that the main purpose of the litigation was to harass the defendant Kuder, but this testimony is also difficult to accept, because, even if certain statements allegedly made by the plaintiff, but vigorously denied by him, to this effect were made, the defendant Kuder was not initially a party to the litigation, and was not made a party until six months later.

As to the merits of the motion, the defendants contend that they are entitled to an allowance for costs under the general equity powers of the Court, or, in the alternative, under the provisions of Rule 41 (a)(2). As to Rule 41(a)(2), the plaintiff argues to the contrary, and makes the additional argument that the case was dismissed, with prejudice, and without the Court fixing any condition about payment of costs; that, therefore, the case is ended; and, notwithstanding the reservation in the defendants' consent to the order of dismissal, the Court is without jurisdiction to grant the relief requested.

It is unnecessary to pass upon the plaintiff's contention as to jurisdiction, because the Court concludes that, on the merits, the defendants are not entitled to any allowance.

To treat defendants' contentions in inverse order, Rule 41(a) provides as follows:

"(a) Voluntary Dismissal: Effect Thereof

"(1) *By Plaintiff; by Stipulation.* Subject to the provisions of Rule 23 (c), of Rule 66, and of any statute of the United States, *an action may be dismissed by the plaintiff without order of court* (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) *by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice,* except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim. * * *

"(2) *By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.* If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for an independent adjudication by the court. *Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.*" (Emphasis supplied)

Since no formal order of dismissal was entered by the Court, the action of the parties constituted voluntary dismissal *by stipulation,* as contemplated by Rule 41(a)(1), but defendants contend that their reservation of their rights makes the dismissal tantamount to a dismissal by *order of court,* as contemplated by Rule 41(a) (2). If this be so, Rule 41 (a) (2) permits the court to condition the dismissal " * * * *upon such terms and conditions as the court deems proper.*"

Defendants have cited a wealth of authority showing that dismissals have been conditioned upon payment of costs in varying amounts, including, in some instances, attorneys' fees, but in all of the cases which the defendants cite—save one—the dismissal was *without prejudice.* By the terms of the Rule, a dismissal without prejudice does not operate as an adjudication upon the merits (except after a prior dismissal) and, hence, the plaintiff in the dismissed case is free to reinstate litigation in another forum.

In the case at bar, the dismissal was stated to be with prejudice; such a dismissal operates as an adjudication upon the merits, in that it is res judicata of any attempted relitigation of the same cause of action, Creek Indians Nat. Council v. Sinclair Prairie Oil Co., 142 F.2d 842 (10 Cir., 1944), cert. den. 323 U.S. 781, 65 S.Ct. 269, 89 L.Ed. 624 (1944); Esquire, Inc. v. Varga Enterprises, 185 F.2d 14 (7 Cir., 1950); Bowles v. Biberman Bros., 152 F.2d 700 (3 Cir., 1945); Hubbard v. Baltimore & O. R. Co., 249 F.2d 885, 886 (6 Cir., 1957). In the allowance of costs, the significance of the terminal aspect of a dismissal with prejudice is demonstrated by those cases in which an order has been made authorizing the plaintiff to dismiss without prejudice upon payment of reasonable expenses, or to dismiss with prejudice without such payment, Stern v. Inter-Mountain Telephone Company, 226 F.2d 409 (6 Cir., 1955); and Gold v. George T. Moore Sons, Inc., 3 F.R.D. 201 (D.C.S.D.N.Y.1943).

The rationale behind the rule of allowing attorneys' fees when a dismissal is *without* prejudice is that the defendant has been put to expense in preparing for litigation in the forum (see 5 Moore's Fed. Prac. ¶ 41.06, at p. 1025), and the defendant should be protected against any duplication of expense, such as employing new counsel and bearing the cost of a new investigation of the facts and the law, as a result of a decision of the plaintiff to reinstitute suit in another forum. Of course, these possibilities are not present where the dismissal is with prejudice, because defendant cannot be called upon again to defend.

The one case where costs were allowed in regard to a dismissal with prejudice, Krasnow v. Sacks & Perry, Inc., 58 F. Supp. 828 (D.C.S.D.N.Y.1945), was an action for patent infringement. In such an action, 35 U.S.C.A. § 285 vests discretion in the court *in exceptional cases* to grant reasonable attorneys' fees to the prevailing party in the litigation. The Court in Krasnow found that when plaintiff brought suit there was substantial doubt as to the justification of the suit. The case does not stand for the proposition that every dismissal with prejudice under Rule 41(a)(2) will *justify an* award for attorneys' fees; it holds that

an allowance may be made upon dismissal where, by statute, an allowance to the prevailing party is authorized under exceptional circumstances. To the same effect is Philadelphia Gear Works v. Kerotest Mfg. Co., 101 F.Supp. 820 (D.C.W. D.Pa.1951).

Defendants argue that there is no language in Rule 41(a)(2) which limits the imposition of "terms and conditions" and, thus, there is no requirement that allowance of costs be limited to those cases where there is a dismissal without prejudice. This is true but, in determining whether terms and conditions, such as the allowance of expenses and counsel fees, should be imposed, this Court cannot ignore the fact that the dismissal here finally terminated the litigation and there is no statutory provision for the allowance of counsel fees to a defendant for the mere successful defense of private antitrust litigation, or a successful defense for the other causes of action alleged against the defendants. Had the defendants been required to go to trial and incur additional counsel fees for what might have been a rather protracted trial, they would not be entitled, had their defenses all been successful, to recover any of their costs, other than court costs. Where, as here, no statute authorizes an allowance upon the final termination of the litigation, the dismissal was with prejudice and there is an absence of exceptional circumstance, Rule 41(a)(2) will not support the requested allowance.

■ Defendants' second contention, although adequately grounded in the law, is no more convincing than their first. Citing Sprague v. Ticonic National Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939); Local No. 149, International Union, etc. v. American Brake Shoe Co., 298 F.2d 212 (4 Cir., 1962), cert. den. 369 U.S. 873, 82 S.Ct. 1142, 8 L.Ed.2d 276 (1962); Rolax v. Atlantic Coast Line R. Co., 186 F.2d 473 (4 Cir., 1951); and cf. Guardian Trust Co. v. Kansas City Southern Ry. Co., 28 F.2d 233 (8 Cir., 1928), rev'd. 281 U.S. 1, 50 S.Ct. 194, 74 L.Ed.

659 (1930), defendants argue that courts of equity have an inherent power to award attorneys' fees and other costs in exceptional cases for "dominating reasons of justice." The "dominating reasons of justice" in the several cases have been found to be present where the litigation is false, unjust, vexatious, wanton or oppressive, or where it is unnecessary and groundless or conducted in bad faith or with fraudulent intent. Defendants argue that the instant case is one which falls into these classifications and, hence, "dominating reasons of justice" require the allowance here.

The difficulty with the defendants' argument is the lack of factual proof to support their claim of vexation and harassment by the plaintiff. No proof has been offered to show that plaintiff's claim was either groundless in fact or law. Certainly, a dismissal with prejudice does not support defendants' contention of harassment, since it merely indicates that for various reasons, or combinations thereof, plaintiff may have determined not to continue this suit. It is also significant, in considering whether the suit was *bona fide*, that although defendants' motion to dismiss was granted as to four counts, it was likewise denied as to four other counts; and defendants did not move for summary judgment. The Court concludes that there is a lack of proven, exceptional circumstances upon which to base an award for attorneys' fees.

■ The allowance of costs such as claimed by the defendants is akin to a suit for damages for the tort of malicious prosecution. Ordinarily, to establish such a tort, the proceedings must have not only terminated in favor of the defendant, but it must also be shown that there is a lack of probable cause for the institution of the proceedings, and the termination of the proceedings in favor of the defendant does not necessarily, of itself, support a finding of the absence of probable cause. Prosser on Torts (2 Ed. 1955), §§ 98 and 99; Restatement of Torts (1960 Reprint) §§ 674, 675. Al-

though the dismissal here operates as an adjudication upon the merits for most purposes, it fails to show that the plaintiff's suit was so unnecessary, groundless, vexatious and oppressive as to warrant an allowance for expenses, including attorneys' fees.

Accordingly, the motion is denied. Counsel for the plaintiff may present an appropriate order.