**Ervin HOHENSEE, Plaintiff,**

v.

**Gene BASALYGA, Defendant.**

**No. 8729 Civil.**

United States District Court,
M. D. Pennsylvania.

June 30, 1969.

Ervin Hohensee, pro se, plaintiff.

Myron A. Pinkus, Scranton, Pa., for defendant.

SHERIDAN, Chief Judge.

Plaintiff, Ervin Hohensee, filed a motion to dismiss with a request for an award of $51,920 for costs and litigation expenses. Defendant, Gene Basalyga, filed a separate motion to dismiss. In a supporting brief he argues that he, and not Hohensee, should be awarded costs and expenses.

The action will be dismissed, each party to bear his own costs.

The action was brought to quiet title to certain lands in Lackawanna County, Pennsylvania. Hohensee claims title under two deeds from Scientific Living, Inc., one dated October 21, 1957, and recorded in Lackawanna County in Deed Book 599, page 88, and the other, dated February 25, 1963, and recorded in Lackawanna County in Deed Book 598, page 111. Basalyga, also claiming under a deed from Scientific Living, Inc., dated February 13, 1963, and recorded in Deed Book 593, page 403, had brought an earlier action in Lackawanna County, No. 8 January Term, 1964, in which he alleged the Hohensee deeds were void. A default judgment was entered against Hohensee for failure to file an answer. Then Hohensee removed the action to this court—Civil Action No. 8469. It was remanded to the State court on August 31, 1964. On February 11, 1965, the Court of Appeals for the Third Circuit

dismissed an appeal by Hohensee from the order of remand. The action is still pending in the State court.

On November 5, 1964, Hohensee filed the complaint in the instant action. On June 30, 1966, this court stayed all proceedings pending the final disposition of the remanded action. The memorandum accompanying the stay order contained the following:

"The stay of proceedings will result not only in non-interference with the State court, but also will save considerable trouble and expense for the parties. Although still in the pleading stage, this court has already ruled on a plethora of motions including denial of motions by Hohensee, who has appeared at all times in propria persona, to take disciplinary action against Basalyga and his attorneys, and to issue a writ of prohibition and a restraining order against them, and counter motions by Basalyga for a restraining order and contempt citation against Hohensee. This court also granted a motion by Basalyga for a protective order against the taking of depositions until disposition of the motion to dismiss, and denied a motion by Hohensee to dismiss plaintiff's motion for a protective order. Hohensee appealed from these various adverse decisions, although interlocutory. The Court of Appeals for the Third Circuit dismissed all appeals for want of an appealable order."

Subsequent events have shown this action was wise. At the time this stay order was issued, there were other actions in the State court raising the validity of the Hohensee and Basalyga deeds. Scientific Living brought an action against Basalyga in Lackawanna County, No. 9 September Term, 1964, claiming the deed into Basalyga was void. The Chancellor declared the deed void and directed a reconveyance. The Supreme Court of Pennsylvania affirmed.[1] Scientific Living also filed a similar action against Hohensee in Lackawanna County, No. 16 September Term, 1965. Judgment was entered against Hohensee on December 27, 1965, for failure to answer the complaint within twenty days. The Supreme Court of Pennsylvania held the final decree was entered prematurely and reversed.[2] On October 16, 1968, the Chancellor decreed that the deeds into Hohensee were fraudulent and void. On December 27, 1968, Hohensee's exceptions were dismissed and the final decree entered.[3] Meanwhile, on October 8, 1968, Hohensee filed a complaint against Scientific Living in the United States District Court for the Eastern District of Virginia alleging that the deeds into Hohensee were valid, and that Scientific Living had improperly retained possession of the premises. Scientific Living filed an answer in which it admitted all the averments of the complaint.[4] On December 17, 1968, the court entered judgment on the pleadings in favor of Hohensee, and decreed that he recover of Scientific the premises described in the two deeds.[5]

■ Taxation of costs in actions before the courts of the United States is

1. Scientific Living, Inc. v. Basalyga, 424 Pa. 637, 227 A.2d 498.

2. Scientific Living, Inc. v. Hohensee, 424 Pa. 360, 227 A.2d 815.

3. An appeal to the Supreme Court of Pennsylvania is pending.

4. Scientific Living had been controlled by Adolph Hohensee, a brother of plaintiff, Ervin Hohensee. He died on October 4, 1967. In his brief, Basalyga attacks the Virginia proceedings as fraudulent and the result of a conspiracy between Hohensee and his sisters, executrices under the will of Adolph Hohensee. The brief indicates that " * * * intervention petitions [have been] filed on behalf of Euphemia Hohensee, minor daughter of Adolph Hohensee, age 16, and by Frieda Grier."

5. An exemplified record of these proceedings has been filed in the Middle District of Pennsylvania to Civil Action No. 68–509.

governed primarily by 28 U.S.C.A. § 1920:

"A judge or clerk of any court of the United States may tax as costs the following:

"(1) Fees of the clerk and marshal;

"(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

"(3) Fees and disbursements for printing and witnesses;

"(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

"(5) Docket fees under section 1923 of this title.

"A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree. June 25, 1948, c. 646, 62 Stat. 955."

Taxation of costs is a matter within the discretion of the court. United States v. So. Ry., W.D.N.C.1967, 278 F.Supp. 60.

■■■■ Generally, costs are allowed only to a prevailing party. Rule 54(d), Fed.R.Civ.P.; Lichter Foundation, Inc. v. Welch, 6 Cir. 1959, 269 F.2d 142. Where neither party prevails, it is appropriate to deny costs to both parties. Srybnik v. Epstein, 2 Cir. 1956, 230 F.2d 683. In any case, non-statutory costs should be taxed sparingly. Farmer v. Arabian American Oil Co., 1964, 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248.

■■■■ The clerk's filing fee may be taxed as costs. 28 U.S.C.A. § 1920; Gotz v. Universal Prod. Co., Inc., D.Del. 1943, 3 F.R.D. 153. Attorneys' fees are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor. Fleischmann Distilling Corp. v. Maier Brewing Co., 1967, 386 U.S. 714, 717, 87 S.Ct. 1404, 18 L.Ed.2d 475. Counsel fees should be awarded only in rare and unusual instances. Cohen v. Lovitz, D.D.C.1966, 255 F.Supp. 302, aff'd sub nom. Wolf v. Cohen, 1967, 126 U.S.App.D.C. 423, 379 F.2d 477.

Travel and subsistence expenses, particularly for counsel, need not be taxed as costs. Cf. Gerber v. Stoltenberg, 5 Cir. 1968, 394 F.2d 179.

An order dismissing the action and denying Hohensee's other requests for relief will issue.