**M. A. GAMMINO CONSTRUCTION COMPANY**

v.

**GREAT AMERICAN INSURANCE COMPANY**

v.

**Cyril W. KNIBB, d/b/a C. W. Knibb Company.**

**Civ. A. No. 3499.**

United States District Court, D. Rhode Island.

June 7, 1971.

Louis V. Jackvony, Jr., Providence, R. I., for plaintiff.

John V. Kean, Edwards & Angell, Providence, R. I., for defendant, Great American Ins. Co.

Bernard B. Abedon, Providence, R. I., for third-party defendant, Cyril W. Knibb.

## OPINION

PETTINE, Chief Judge.

The complaint filed herein asserts a right of recovery arising out of a contract by which plaintiff agreed to purchase all of its general insurance needs from defendant's predecessor in interest (Great American Indemnity Company), through its agent, Cyril W. Knibb. Plaintiff alleged specifically defendant's failure to pay credits due on previously issued policies of insurance, it appearing from subsequent pleadings that premium adjustments were made periodically on some policies, according to progress on construction projects undertaken by plaintiff.

Following its answer, defendant obtained leave of Court to file a third-party complaint against Cyril W. Knibb, seeking indemnification for any amounts by which defendant might be held liable to plaintiff, on the basis of the third-party defendant's alleged failure to credit plaintiff's account with the amounts which defendant determined should be credited thereto, the collection of premiums being the responsibility of Knibb. Knibb's answer alleged, as defenses to the third-party action, accord and satisfaction, res judicata, and the statute of limitations.

Subsequently this Court entered an order of reference, pursuant to Fed.R. Civ.P. 53, appointing a Special Master to take testimony and report findings of fact and conclusions of law on the com-

plex factual issues and computations required by the subject matter of the action. Plaintiff and defendant agreed to share equally the costs of the reference. Knibb was present at the hearings before the Master, but only plaintiff and defendant offered testimony. The Master then submitted a detailed report of his findings and conclusions, but before adoption of his report by this Court, plaintiff filed a motion to dismiss with prejudice, in which motion defendant joins and Knibb opposes.

 It is clear that a party has an absolute right to dismiss an action brought by him either before the adversary has answered or at any time by stipulation of all parties to the action.[1] Here that absolute right no longer exists, since answers to both the original complaint and to the third-party complaint were filed long ago and since not all parties agree to the dismissal. This motion must be evaluated, therefore, under Rule 41(a) (2),[2] which gives this Court discretion to grant the motion only upon conditions which make the dismissal as fair and equitable to all parties as possible.[3] The controlling principles of law on a Rule 41(a) (2) motion are easily stated: a dismissal should be allowed unless clear legal prejudice to the objecting party is shown, and it is insufficient to defeat such a motion that a second suit may develop[4] or that a party may obtain some tactical advantage thereby.[5] A court is obligated to consider and weigh the interests of both the moving and objecting parties.

Plaintiff and defendant appear to have a unity of interest in finalizing this litigation. They have each expended substantial efforts in discovery procedures and in the proceedings before the Special Master, and have come to a satisfactory resolution of their differences without the necessity of engaging in a doubtlessly protracted trial. Knibb, meanwhile never claimed an affirmative right of recovery against either the plaintiff or the third-party plaintiff and any contingent liability of Knibb arising

1. "Rule 41. Dismissal of Actions
(a) Voluntary Dismissal: Effect Thereof. (1) By Plaintiff; by Stipulation. Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim."

2. "(2) By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

3. There is some authority for the proposition that a dismissal *with* prejudice does not fall within Rule 41(a) (2), and that court approval therefore is not required. Compare Smoot v. Fox, 340 F.2d 301, 302–303 (6th Cir. 1964), with Hudson Engineering Co. v. Bingham Pump Co., 298 F.Supp. 387, 388–389 (S.D.N.Y. 1969). I find it unnecessary to reach that question herein.

4. See cases cited in 2B W. Barron & A. Holtzoff, Federal Practice and Procedure, § 912 at 114 n. 34.1 (Wright ed.)

5. See cases cited in 2B W. Barron & A. Holtzoff, Federal Practice and Procedure, § 912 at 114 n. 34.2 (Wright ed.). Cf. United States v. Gunc, 435 F.2d 465 (8th Cir. 1970).

out of a claim by plaintiff against defendant is extinguished by this dismissal. His only meaningful claim of prejudice by reason of this dismissal is his asserted inability to benefit from the findings of the Master which apparently were favorable to his position.

It appears that there is pending litigation in State court in which plaintiff seeks recovery against Knibb arising out of the same transactions in which Knibb would seek to submit the Master's report as evidence. There are at least two answers to Knibb's contention of prejudice:

1) Knibb has cited to this Court no authority for the proposition that the Master's report, as part of the official file in this case, would not be admissible in the State court action; and

2) even if inadmissible without adoption by this Court (as Knibb contends), that interest is insufficient to defeat dismissal, especially where, as here, Knibb bore none of the expense of appointing the Special Master nor took an active role in the proceedings before him.

The only case cited by Knibb in opposition to the instant motion is Piedmont Interstate Fair Ass'n v. Bean, 209 F.2d 942 (4th Cir. 1954), where the court reversed a trial court's dismissal of an action on a Rule 41(a) (2) motion. However, there are two significant distinguishing features between that case and this: 1) plaintiff's motion sought dismissal *without* prejudice in *Piedmont*; 2) the defendant therein objected to the dismissal, at least in part because of the possible difficulty of reasserting its third-party claims which were then pending against out-of-State residents. Thus the appellate court properly believed that the dismissal would not protect adequately defendant's substantial interest in going forward with the existing litigation.

 As noted above, dismissal with prejudice herein would serve the salu-

tary purpose of reaching a final resolution of the controversy between the primary parties, while Knibb would suffer at most the loss of a tactical advantage. This Court therefore grants plaintiff's motion to dismiss with prejudice. However, Rule 41(a) (2) permits this Court to condition dismissal upon such terms as it deems proper. It is clear that court costs and attorney's fees may constitute proper terms. E. g., Smoot v. Fox, 353 F.2d 830 (6th Cir. 1965), cert. denied sub nom. League of Women Voters v. Smoot, 384 U.S. 909, 86 S.Ct. 1342, 16 L.Ed.2d 361 (1966). However, it has also been held that allowance of attorney's fees to the defendant in an action voluntarily dismissed by the plaintiff is improper where the dismissal is with prejudice, since defendant will not incur the expense of defending the action again at some future date, which is a primary motivation for allowance of the fees, e. g., Lawrence v. Fuld, 32 F.R.D. 329 (D.Md.1963). I have before me a hybrid case, in that the voluntary dismissal herein is with prejudice as between plaintiff and defendant, but certainly does not appear to act as a *res judicata* bar to a direct action by plaintiff against Knibb in the future (although that question has not been presented to me, nor have I found it necessary to consider it). Furthermore, plaintiff is not responsible for Knibb being a party to this action, so it is not clear to this Court that plaintiff should bear any expenses incurred by Knibb in preparation of this action. On the other hand, the defendant herein did not file the motion to dismiss, nor did he formally join in it, so it is questionable whether a fair reading of Rule 41(a) (2) would allow imposition of Knibb's costs upon a nonmoving party (here, defendant), as a condition for the granting of another party's (here, plaintiff's) motion to dismiss. It appears to this Court that the most equitable resolution of this issue is to allow each party to bear his own expenses, since even Knibb received a ben-

efit from this dismissal with prejudice, in that the question of his indemnification to defendant for potential liability to plaintiff has been conclusively resolved. Knibb's motion for attorney's fees is therefore denied.

This Court having granted plaintiff's motion to dismiss with prejudice finds it unnecessary to consider Knibb's Rule 53(e) (2) motion to adopt the Master's report in its entirety.