**James E. KRAEGER**

v.

**UNIVERSITY OF PITTSBURGH and Richard E. McDowell.**

**Civ. A. No. 80–63 Erie.**

United States District Court, W. D. Pennsylvania.

March 25, 1982.

Anthony B. Trambley, St. Marys, Pa., for plaintiff.

Richard C. Low, Pittsburgh, Pa., for defendants.

## MEMORANDUM ORDER

WEBER, Chief Judge.

This was an action for breach of contract and improper discharge under 42 U.S.C. § 1983 brought by an employee of the defendant. The trial of this action in June of 1981 resulted in a directed verdict in favor of the defendant and judgment was entered against the plaintiff, with ordinary costs, on June 15, 1981.

On June 26, 1981, plaintiff filed a motion to set aside the directed verdict and for a new trial. A briefing schedule was set, requiring plaintiff's brief to be filed July 31, 1981 and defendants' brief was due August 14, 1981. Subsequently, plaintiff moved for an extension of time to file briefs because the transcript of the trial had not yet been completed. The motion was granted and the revised schedule for filing of briefs was September 4, 1981 and September 11, 1982, respectively.

On September 18, 1981, plaintiff filed a petition to withdraw its motion to set aside the directed verdict and for new trial, which was granted by the court on September 22, 1981. Defendants' counsel had been notified upon inquiry to plaintiff's counsel on September 11, the date for filing of defendants' brief, that plaintiff intended to withdraw its motion.

Defendant now files a motion to tax certain costs against the plaintiff. First, they request payment for the cost of the trial transcript they had ordered for preparation of their brief opposing the motion. Second, they request costs for a deposition transcript of James Kraeger which defendants made use of during cross-examination at trial.

Under 28 U.S.C. § 1920, the court may tax as costs, fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case. Whether to award such costs is a matter for the discretion of the court. *Marcus v. National Life Insurance Co.*, 422 F.2d 626 (C.A.Ill.1970); *Scaduto v. Orlando*, 381 F.2d 587 (C.A.N.Y.1967). Awards of costs are generally made in favor of the prevailing party. *Brecklein v. Bookwalter*, 313 F.Supp. 550 (D.C.Mo.1970); *Hohensee v. Basalyga*, 50 F.R.D. 230 (D.C.Pa.1969).

Defendant, as prevailing party, is entitled to assessment for transcripts of portions of the record which are necessary for use in opposing plaintiff's posttrial motions. *Chemical Bank v. Kimmel*, 68 F.R.D. 679 (D.C.Del.1975). In this action, a transcript of the trial proceedings would be necessary for preparation of a brief in opposition to a motion to set aside a directed verdict, and these costs are therefore properly taxable to the plaintiff. Furthermore, we find that assessment of an award for costs is more than appropriate where, as here, the losing party has filed a posttrial motion and caused the prevailing party to incur expenses and expend a great deal of time, and then withdraws the motion at the time the briefs are due. At such a late date, the opposing party has been more than inconvenienced and is entitled at least to recover some of the costs of its efforts.

Regarding defendants' requests for payment of costs for the deposition of James Kraeger used during trial, the court

finds that these costs are also properly taxed to plaintiff. Costs for depositions are usually taxable as costs at the discretion of the court, where the depositions were reasonably necessary for use at trial. *SCA Services, Inc. v. Lucky Stores*, 599 F.2d 178, 180 (7th Cir. 1979); *Wehr v. Burroughs Corp.*, 477 F.Supp. 1012, 1022 (E.D.Pa.1979). This deposition was necessary and was, in fact, used in trial for cross-examination.

We feel that this is a salutory policy because we see a large number of posttrial motions and notices of appeal filed by parties who have not prevailed at trial, which are not meritorious and which are later abandoned. At least where the prevailing party is again required to spend effort and money to defend against such motions, it should be entitled to the costs incurred.

### ORDER

AND NOW, this 25th day of March, 1982, IT IS ORDERED that the following items are taxed as costs against plaintiff and in favor of defendants:

1. Cost of Trial Transcript: $ 752.50
2. Cost of Deposition Transcript and Notary Fee for the Deposition of James Kraeger taken Jan. 7, 1981: $ 283.55

TOTAL $1036.05