Douglas **MURDOCK, A. Robert Massam, M.D., H.C. Brace, M.D., and D.B. Geldhart, M.D., Plaintiffs,**

v.

The **PRUDENTIAL INSURANCE COMPANY OF AMERICA and Donald T. Tibbetts, Defendants.**

No. 89–493–CIV–T–17.

United States District Court, M.D. Florida, Tampa Division.

March 14, 1994.

John Robert Kiefner, Jr., Riden, Earle & Kiefner, P.A., St. Petersburg, FL, Jerry Anderson, Law Office of Jerry Anderson, Lexington, KY, for plaintiffs.

Charles W. Pittman, Macfarlane Ferguson, Tampa, FL, Samuel G. Bridge, Jr., Wyatt, Tarrant, Combs, Gilbert & Milom, Louisville, KY, for defendants.

Donald T. Tibbitts, pro se.

### ORDER ON MOTION FOR ATTORNEY'S FEES AND COSTS

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant's, The Prudential Insurance Company of America, hereinafter "Prudential," Motion for the Award of Attorney's Fees and Costs (Dkt. No. 42), and response thereto (Dkt. No. 43).

*FACTS:*

On August 26, 1987, this action was filed in the Western District of Kentucky. On April 3, 1989, pursuant to 28 U.S.C. § 1404, this action was transferred to this Court, with no motions pending. Immediately prior to the transfer, Plaintiffs were ordered to show cause why this action should not be dismissed for lack of prosecution. Plaintiffs responded by requesting that the case be kept open for the purpose of transferring the case to this district. As a basis for transferring the action, Plaintiffs relied heavily on the pendency of a related action already before this district, *Excellence Land, Inc. v. Prudential Insurance Co.*, Case No. 87–1785–CIV–T–15(C). Plaintiffs asserted that they intended to consolidate the two cases once this action was transferred to this district. Prudential did not object to this transfer.

Following the transfer of this action, Prudential filed its designation of local counsel and counsel for Plaintiffs filed a notice of appearance. Plaintiffs did not move to consolidate this action with the *Excellence* case. This action then remained inactive for a period of one year. The Court requested status information from Plaintiffs' counsel on May 1, 1990. There was no response to the Court's status order, thus on June 15, 1990, the Court again requested status information. This action remained inactive until September 21, 1990, when Prudential and Plaintiff, Douglas Murdock, filed a Stipulation for Dismissal of Douglas Murdock with Prejudice. This Court granted the dismissal of Plaintiff, Douglas Murdock, on December 11, 1990.

On October 9, 1990, Plaintiffs were ordered by this Court to show cause why this action should not be dismissed for want of prosecution. This Court dismissed this action on December 11, 1990 stating:

> Plaintiffs responded to the Court's Order by showing that the related cases settled following the pretrial conference and by stating that some discovery taken in the related case will be used in this case. The plaintiffs do not explain why this action has remained idle during its entire three year existence. Upon consideration of the parties' responses to the October 9 Order, and upon consideration of the entire record, the Court finds that the plaintiffs have failed to show cause why this action should not be dismissed for failure to prosecute.

(Dkt. No. 27, p. 2)

On January 9, 1991, Plaintiffs appealed this Court's dismissal of this action to the United States Court of Appeals for the Eleventh Circuit. On January 9, 1992, the United States Court of Appeals for the Eleventh Circuit ordered that this Court's Order of Dismissal be vacated and remanded the case so that this Court could fully consider its available options, 952 F.2d 411. The Court of Appeals did, however, also state in the January 9, 1992 Order that Plaintiffs' counsel had used "arguable dilatory tactics" and "arguably inappropriate conduct" (Dkt. No. 30, p. 2).

On May 13, 1992, this Court entered a Rule 16 Order in which the cut-off date for discovery was set for December 31, 1992. On November 11, 1992, Plaintiffs, A. Robert Massam, M.D., H.C. Brace, M.D., and D.B. Geldhart, M.D., were served with a Notice of Taking Depositions by Prudential. The date and time established by Defendant in its Notice of Taking Depositions was confirmed neither with Plaintiffs nor Plaintiffs' counsel. The depositions were scheduled for the week of December 2, 1992. On December 1, 1992, Plaintiffs filed a Motion for Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. The purpose of the Protective Order was to protect Plaintiff from appearing at the depositions during the week of December 2, 1992. On December 9, 1992, this Court concluded that the parties did not make a good faith effort to resolve the scheduling dispute as required by Local Rule 3.01(g) and accordingly denied the Motion for Protective Order (Dkt. No. 35).

On December 14, 1992, Plaintiffs filed a Motion for Voluntary Dismissal with Prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure (Dkt. No. 39). Prudential filed a Response of "No Objection" to the Motion for Voluntary Dismissal with Prejudice on December 16, 1992 (Dkt. No. 41). Plaintiffs stated that the lack of funds

to go forward with trial was the underlying reason for the voluntary dismissal. The Motion for Voluntary Dismissal with Prejudice was granted and ordered by this Court on January 13, 1993.

Prudential filed a Motion for Attorney's Fees and Costs on January 22, 1993 (Dkt. No. 42). Plaintiffs responded to this Motion on February 4, 1993 (Dkt. No. 43). This Motion for Attorney's Fees and Costs is the cause presently before this Court.

*DISCUSSION:*

Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, the award of attorney's fees is often made when a plaintiff dismisses an action without prejudice. *Colombrito v. Kelly,* 764 F.2d 122, 133 (2d Cir.1985). Yet, in a voluntarily dismissed lawsuit with prejudice under Rule 41(a)(2), attorney's fees have almost never been awarded. *Id.* at 133–34. Furthermore, several courts have held that the award of attorney's fees in a voluntarily dismissed lawsuit with prejudice is only appropriate when there is independent statutory authority to support such an award. *Id.* at 134. *See also Smoot v. Fox,* 353 F.2d 830, 832–33 (6th Cir.1965); *Lawrence v. Fuld,* 32 F.R.D. 329, 331–32 (D.Md.1963). The *Colombrito* court further stated:

> The reason for denying a fee award upon dismissal of claims with prejudice is simply that the defendant, unlike a defendant against whom a claim has been dismissed without prejudice, has been freed of the risk of relitigation of the issues just as if the case had been adjudicated in his favor after a trial, in which event (absent statutory authorization) the American Rule would preclude such an award.

*Colombrito,* 764 F.2d at 134.

Several courts have held that under certain exceptional circumstances, attorney's fees can be awarded when a case is voluntarily dismissed with prejudice. *Mobile Power Enterprises, Inc. v. Power Vac, Inc.,* 496 F.2d 1311, 1312 (10th Cir.1974); *Smoot v. Fox,* 353 F.2d 830, 832–33 (6th Cir.1965); *John Evans Sons, Inc. v. Majik–Ironers, Inc.,* 95 F.R.D. 186, 191 (E.D.Pa.1982); *Lawrence v. Fuld,* 32 F.R.D. 329, 331 (D.Md. 1963). Yet, an "exceptional circumstance" standard has not been firmly established. In *Lawrence,* the court stated that an "exceptional circumstance" could be found for "dominating reasons of justice ... where the litigation is false, unjust, vexatious, wanton, or oppressive, or where it is unnecessary and groundless or conducted in bad faith or with fraudulent intent." *Lawrence,* 32 F.R.D. at 332.

Prudential submitted in the Motion for Award of Attorney's Fees and Costs that the facts in this action show vexation and oppression. (Dkt. No. 42, p. 5). In particular, Prudential points to the transfer of this case to the Middle District of Florida to join the action with an existing action, the joinder of which never occurred; the continued lack of activity in this case for over three years; the dismissal of this case on December 11, 1990 by this Court for failure to prosecute; and the successful appeal of this dismissal. Prudential further asserts that the Plaintiffs only post-appeal activity involved settlement attempts, the refusal of which resulted in Plaintiffs' voluntary dismissal of this case with prejudice.

Prudential also submits that following the November 11, 1992 Notice of Taking Depositions, they were not promptly advised of any problems by Plaintiffs' counsel regarding the deposition. Prudential asserts that it was not until a December 1, 1992 phone call by counsel for the Defendant to Plaintiffs' counsel that any problems were mentioned. Yet, on November 25, 1992, counsel for Plaintiffs sent a letter via facsimile to counsel for Prudential in which counsel stated: "We are hopeful that while your client considers this offer, you will postpone the depositions scheduled for next week. Those times were not cleared with this office and we did not have an opportunity to discuss availability with our client prior to receiving notice" (Attached to Dkt. No. 42). This last assertion by Prudential is factually incorrect and unfounded.

With regard to the other factual assertions supporting a claim of vexation and oppression, the case law does not support Prudential's claim. In fact, none of the cases cited by Prudential awarded attorney's fees for cases voluntarily dismissed with prejudice.

In *Krasnow v. Sacks & Perry, Inc.,* 58 F.Supp. 828 (S.D.N.Y.1945), the court awarded fees under Rule 41(a)(2), following a dismissal with prejudice. The *Lawrence* court discussed the *Krasnow* holding and stated that "[t]he case does not stand for the proposition that every dismissal with prejudice under Rule 41(a)(2) will justify an award for attorney's fees; it holds that an allowance may be made upon dismissal where, by statute, an allowance to the prevailing party is authorized under exceptional circumstances." *Lawrence,* 32 F.R.D. at 331–32. The *Krasnow* case dealt with a patent infringement and the court found substantial doubt as the justification of the suit. *Krasnow,* 58 F.Supp. at 829.

In *Amey, Inc. v. Gulf Abstract & Title, Inc.,* 758 F.2d 1486 (11th Cir.1985), one of the defendants asserted a bad faith claim against one of the plaintiffs based on the following: (1) Many entities were sued when damages were only $325.00; (2) Pursuing the same claims in federal court that were already resolved in state court; (3) Initiating litigation based on hearsay; (4) Rejecting settlement offers; (5) Inclusion of a bank as a defendant based on a mistaken belief; (6) Suing the wrong law firm; and (7) Pressing of baseless claims. The United States Court of Appeals for the Eleventh Circuit held that none of these circumstances supported a "finding of bad faith, vexatiousness, complete absence of a justiciable issue, or fraud, or malice." *Id.* at 1510.

Similarly, the actions of the Plaintiffs in the present action do not support a finding of vexatiousness nor oppression, as asserted by Prudential. The continued lack of action in this case by the Plaintiffs is not looked upon favorably by this Court. As the United States Court of Appeals for the Eleventh Circuit stated in the January 9, 1992 Order vacating and remanding this Court's dismissal, Plaintiffs' counsel has used "arguable dilatory tactics" and "arguably inappropriate conduct" (Dkt. No. 30, p. 2). Yet, these tactics fail to rise to the level of an exceptional circumstance in which fees and costs can be awarded following a voluntary dismissal with prejudice. Prudential has been freed of the risk of relitigation of the issues just as if the case had been adjudicated in his favor after a trial. Accordingly, it is

**ORDERED** that the Motion for Attorney's Fees and Costs be **denied.**

**DONE and ORDERED.**