Curtis Mfg. v. Key Sales & Supplies    CV-94-559-SD   02/14/96

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Curtis Manufacturing Co., Inc.


    v.                                    Civil No. 94-559-SD


Key Sales & Supplies;
Sheldon Wiener, individually
 and as agent for Key Sales & Supplies



O R D E R


    In this diversity action, plaintiff Curtis Manufacturing

Company, Inc., brought suit against, inter alia, Key Sales &

Supplies Company, Inc., and its agent, Sheldon Wiener, for

allegedly providing a phony credit reference on behalf of a

prospective customer.[1]

    Presently before the court is plaintiff's Motion for

Voluntary Dismissal with Prejudice and Without Costs, pursuant to

Rule 41(a)(2), Fed. R. Civ. P.  Defendants concur in the motion

insofar as it requests dismissal with prejudice, but object to

that portion relative to costs.

------

    [1]This customer, the Saxon Group, Inc., was named, with
others, in plaintiff's complaint and has been defaulted for
failure to appear.  Key Sales and Wiener are the only named
defendants to which a default judgment has not been obtained.

<u>Discussion</u>

Plaintiff moves for dismissal of this litigation pursuant to Rule 41(a)(2), Fed. R. Civ. P.[2]  Said dismissal is sought to be with prejudice and without costs.[3]

1.  <u>Attorney's Fees</u>

Whether an award of attorney's fees is proper under the "terms and conditions" language incorporated into the rule assumes particular significance depending upon whether dismissal is sought with or without prejudice.

> Rule 41(a)(2) permits this Court to condition dismissal upon such terms as it deems proper.  It is clear that court costs and attorney's fees may constitute proper terms.  However, it has also been held that allowance of attorney's fees to the defendant in an action voluntarily dismissed by the plaintiff is improper where the dismissal is with prejudice, since defendant will not incur the expense of defending the action again at some future date, which is a primary motivation for allowance of the fees . . . .

---

[2]This provision of the Federal Rules of Civil Procedure provides, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."

[3]The "costs" here sought to be avoided are not merely the traditional court costs, <u>see</u> 28 U.S.C. § 1920, but attorney's fees as well, a figure, as of November 29, 1995, in excess of $8,000.

M.A. Gammino Constr. Co. v. Great Am. Ins. Co., 52 F.R.D. 323, 326 (D.R.I. 1971) (citations omitted); see also Murdock v. Prudential Ins. Co., 154 F.R.D. 271, 273 (M.D. Fla. 1994) ("in a voluntarily dismissed lawsuit with prejudice under Rule 41(a)(2), attorney's fees have almost never been awarded") (citation omitted).

The rationale underlying a "no fees" approach to dismissal with prejudice is best stated by the Second Circuit in Colombrito v. Kelly, 764 F.2d 122 (2d Cir. 1985).

> The reason for denying a fee award upon dismissal of claims with prejudice is simply that the defendant, unlike a defendant against whom a claim has been dismissed without prejudice, has been freed of the risk of relitigation of the issues just as if the case had been adjudicated in his favor after a trial, in which event (absent statutory authorization) the American Rule would preclude such an award.

Id. at 134; accord Murdock, supra, 154 F.R.D. at 273 ("several courts have held that the award of attorney's fees in a voluntarily dismissed lawsuit with prejudice is only appropriate when there is independent statutory authority to support such an award") (citing cases); 5 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE ¶ 41.06, at 41-85 to 41-86 (2d ed. 1995) ("absent extraordinary circumstances, no costs or attorney's fees will be awarded to a defendant where plaintiff is granted a voluntary dismissal with prejudice"); 27 FEDERAL PROCEDURE, L. ED. § 62:501, at 615 (1989)

3

("Since the rationale behind the awarding of attorney's fees is not applicable in the case of a voluntary dismissal with prejudice, such fees are not recoverable under FRCP 41(a)(2) in the absence of a statute authorizing an award of costs and attorney's fees upon the final determination of the action.").

This court follows the so-called "American Rule", whereunder "absent an authorizing statute or contractual commitment, litigants generally bear their own costs." Local 285, Serv. Employees Int'l Union v. Nonotuck Resource Assocs., Inc., 64 F.3d 735, 737 (1st Cir. 1995) (citing Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 257 (1975)).

> One of the exceptions to this rule, however, is that a court may award the prevailing party its attorney's fees if it determines that the losing party has acted in bad faith, vexatiously, or for oppressive reasons . . . . [T]he term "vexatious" means that the losing party's actions were frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.

Id. (quotations omitted); see also Murdock, supra, 154 F.R.D. at 273 ("exceptional circumstance" standard not firmly established, but can be found "'where the litigation is false, unjust, vexatious, wanton, or oppressive, or where it is unnecessary and groundless or conducted in bad faith or with fraudulent intent'" (quoting Lawrence v. Fuld, 32 F.R.D. 329, 332 (D. Md. 1963)); Colombrito, supra, 764 F.2d at 133 ("[n]either meritlessness

4

alone nor improper motives alone will suffice" to satisfy the "exceptional circumstance" standard) (citations omitted).

Despite having obtained a default judgment against certain of the defendants for a sum in excess of $249,000, plaintiff notified opposing counsel on November 14, 1995, of its intention to voluntarily dismiss its claim, with prejudice and without costs.  Three factors have been asserted as providing the impetus for terminating the litigation short of trial on the merits:

> (i) the defaulted defendants did not have sufficient assets to satisfy the judgments obtained against them, (ii) many potential witnesses in the case had left the employ of the Plaintiff as a result of the relocation of the Plaintiff's main offices to Secaucus, New Jersey, and (iii) the likelihood of obtaining any judgment against the remaining defendants was not as compelling as it had been given the lack of fact witnesses . . . .

See Plaintiff's Reply to Defendants' Objection ¶ 10.[4]

Appended to Plaintiff's Reply are several newspaper clippings and other sources of information relative to the

---

[4]The court notes that Attorney Glahn's recollection of the November 14 conversation, and specifically the proposed stipulation of dismissal, differs from that of Attorney Coffey. See Affidavit of Wilbur A. Glahn III ¶¶ 6-8 (attached to Defendants' Memorandum of Law as Exhibit C).  This court will refrain from endeavoring to determine exactly who said what to whom, focusing instead upon the putative merits of the claims against Key Sales and Mr. Wiener.

alleged Odds-N-Ends Ltd. "bust out" scam.[5]  One such article indeed references defendants Key Sales and Mr. Wiener as named defendants to an adversary proceeding being conducted by the Odds-N-Ends bankruptcy trustee in Michigan.  <u>See</u> Exhibit C (attached to Plaintiff's Reply).  Plaintiff was thus not alone in asserting a connection, for the purposes of assigning liability, between and among the parties allegedly participating in the credit scam.[6]

That such connection suffers for failure of proof does not, ipso facto, entitle defendants to an award of attorney's fees upon voluntary dismissal of plaintiff's claims.  Under these circumstances, the court does not want "to discourage such a salutary disposition of litigation by threatening to award attorneys' fees if a plaintiff did not complete a trial."

---

[5]In said scam, Odds-N-Ends is alleged to have submitted purchase orders to various companies across North America, provided the names of companies also participating in the scam who vouched for its creditworthiness, and thereafter received the ordered goods but made only token payments (usually $100) to the suppliers accompanied by a letter claiming temporary financial difficulties.  <u>See</u> Michael Maurer, *A Lesson from Broken Promises*, <u>Crain's Detroit Business</u>, August 1, 1994, at 21 (attached to Plaintiff's Reply as Exhibit A).

[6]Indeed, reference to Saxon's Credit Application, attached as Exhibit B to the Complaint, indicates that said defendant listed Odds-N-Ends and Bartley Enterprises, two companies deeply implicated in the alleged scam, as its trade references, in addition to Key Sales.

6

<u>Colombrito</u>, <u>supra</u>, 764 F.2d at 134 (citations omitted); <u>accord</u>
<u>Quirk v. Town of New Boston</u>, 140 N.H. 124, ___, 663 A.2d 1328,
1335 (1995) ("Because no person should be penalized for merely
defending or prosecuting a lawsuit, an award of attorney's fees
is the exception rather than the rule.") (quotations omitted).
Moreover, the prejudicial nature of the dismissal sought
absolutely forecloses the possibility of defendants' having to
mount another challenge to the claims herein brought by
plaintiff.

Though technical victors, defendants shall bear their own
attorney's fees.

## 2. Taxable Costs

An otherwise perfunctory treatment of plaintiff's motion is
enlivened, to a small degree, by the Tenth Circuit's recent
holding "in cases not involving a settlement, [that] when a party
dismisses an action with or without prejudice, the district court
has discretion to award costs to the prevailing party under Rule
54(d) [Fed. R. Civ. P.]." <u>Cantrell v. International Bhd. of
Elec. Workers</u>, 69 F.3d 456, 458 (10th Cir. 1995) (en banc).[7]

---

[7]Rule 54(d)(1), Fed. R. Civ. P., provides, in relevant part,
"Except when express provision therefor is made either in a
statute of the United States or in these rules, costs other than
attorneys' fees shall be allowed as of course to the prevailing
party unless the court otherwise directs . . . ."

7

The costs here subject to court-ordered award are those specifically enumerated by Congress as "the type of expenses that a federal court 'may tax as costs.'" In re San Juan Plaza Hotel Fire Litig., 994 F.2d 956, 962 (1st Cir. 1993) (citing and quoting 28 U.S.C. § 1920) (footnote omitted).[8]  And although this circuit has endorsed the view that "awarding costs to a prevailing party is the norm," id. (citing Delta Air Lines, Inc. v. August, 450 U.S. 346, 352 (1981)), "a district court in the First Circuit has long possessed broad discretion to deny costs as long as it 'offers a sound reason' for doing so," Gochis v. Allstate Ins. Co., 162 F.R.D. 248, 250 (D. Mass. 1995) (citing In re San Juan Dupont Plaza Hotel Fire Litig., supra, 994 F.2d at

---

[8]Said provision of the United States Code identifies the following items as permissible court costs subject to taxation:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (1994).

8

964; <u>Leeds & Northrup Co. v. Doble Eng'g Co.</u>, 41 F. Supp. 951, 951-52 (D. Mass. 1941)).

First Circuit precedent thus definitively sets forth the procedure and requisite analysis surrounding a district court's awarding of costs, yet fails to precisely address the central issue presented herein--whether a defendant in an action voluntarily dismissed by a plaintiff with prejudice is a prevailing party. Although under the instant circumstances defendants can be cast less as the parties who prevailed than as those toward whom the plaintiff has relented, other circuits, have found, either explicitly or implicitly, the grant of voluntary dismissal sufficient to suit a defendant in "prevailing party" clothes. <u>See</u> <u>Cantrell</u>, <u>supra</u>, 69 F.3d at 458 (implicitly recognizing defendants to voluntary dismissal action as prevailing parties); <u>Franklin Financial v. RTC</u>, 53 F.3d 268, 273 (9th Cir. 1995) ("a defendant [is] a prevailing party following a voluntary dismissal of claims by the plaintiff") (interpreting Arizona law); <u>Kollsman v. Cohen</u>, 996 F.2d 702, 706 (4th Cir. 1993) ("A dismissal of an action, whether on the merits or not, generally means the defendant is the prevailing party.") (citations omitted); <u>Sheets v. Yamaha Motors Corp.</u>, 891 F.2d 533, 539 (5th Cir. 1990) ("the dismissal of a plaintiff's suit with prejudice is tantamount to a judgment on the merits for the

9

defendants, thereby rendering them the prevailing parties")
(citing, inter alia, 10 CHARLES A. WRIGHT, ET AL, FEDERAL PRACTICE AND
PROCEDURE: CIVIL 2D § 2667, at 179-80 (1983)); but see Hohensee v.
Basalyga, 50 F.R.D. 230, 232 (M.D. Pa. 1969) ("Where neither
party prevails, it is appropriate to deny costs to both
parties.") (citation omitted), aff'd, 429 F.2d 982 (3d Cir.
1970).

Assuming arguendo that defendants qualify as prevailing
parties, "Rule 41(a)(2) [does not] always requir[e] the
imposition of costs as a condition to voluntary dismissal,
although it is usually considered necessary for the protection of
the defendant." Puerto Rico Maritime Shipping Auth. v. Leith,
668 F.2d 46, 51 (1st Cir. 1981) (citation omitted). "The
decision of whether or not to impose costs on the plaintiff lies
within the sound discretion of the district judge . . . ." Id.
(citing New York Co. & St. L. R.R. Co. v. Vardaman, 181 F.2d 769,
771 (8th Cir. 1950)); accord Cantrell, supra, 69 F.3d at 459 ("It
is up to the district court's discretion to determine whether
saving judicial resources should be dispositive . . . .").

As this court has previously noted, discovery in this
litigation has been marred by the "obviously dilatory tactics"
undertaken by plaintiff's counsel. Order of November 29, 1995,
at 4. Although the court is not of the opinion that plaintiff

10

has litigated in bad faith or for vexatious purposes, there is no doubt but that greater communication between opposing counsel would have brought the parties to this point sooner rather than later. This court finds and rules that, in the matter sub judice, defendants are deemed to be the "prevailing parties." In the view of the law, this entails an award of costs pursuant to Rule 54(d), Fed. R. Civ. P.

Accordingly, Plaintiff's Motion for Voluntary Dismissal with Prejudice and Without Costs is herewith conditionally granted, all parties to bear their own attorney's fees, but costs to be assessed against plaintiff.[9] Plaintiff shall have ten days from the date of this order to either notify the court of its assent to the condition imposed upon voluntary dismissal or, as is its right, withdraw said motion and proceed on the merits. Upon notification of plaintiff's assent, defendants shall have twenty days to file a bill of costs with the court, and any objections plaintiff may have thereto shall be filed ten days thereafter.

---

[9]With the motion for voluntary dismissal conditionally granted, resolution of defendants' motion to stay discovery (document 26); defendants' motion for summary judgment (document 27); and defendants' motion to compel discovery (document 28) will be deferred pending plaintiff's concurrence in the condition here imposed.

11

<u>Conclusion</u>

For the reasons set forth herein, Plaintiff's Motion for Voluntary Dismissal with Prejudice and Without Costs (document 31) is conditionally granted. Plaintiff has until 4:30 p.m. on Thursday, February 29, 1996, to either assent to the dismissal condition or withdraw such voluntary dismissal. Should such assent be given, defendants have twenty days to file their bill of costs, and plaintiff will have ten days thereafter, if necessary, to file any objections thereto. All other motions pending before the court (documents 26, 27, and 28) are held in abeyance pending plaintiff's agreement to or rejection of the condition of dismissal.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

February 14, 1996

cc:   Thomas F. Kehr, Esq.
      James F. Coffey, Esq.
      Wilbur A. Glahn III, Esq.
      Michael A. Nedelman, Esq.